Run v. Barr

BIA
Christensen, IJ
A206 466 061

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand nineteen.

PRESENT:
      PETER W. HALL,
      JOSEPH F. BIANCO,
      MICHAEL H. PARK,
          *Circuit Judges.*

_____

ZHUO DA RUN, AKA, RUN DA ZHUO
      *Petitioner,*

      v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

      18-776
      NAC

_____

FOR PETITIONER:     Gerald Karikari, Karikari & Associates, P.C., New York, NY.

FOR RESPONDENT:     Joseph H. Hunt, Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Erik R. Quick, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhuo Da Run ("Zhuo"), a native and citizen of the People's Republic of China, seeks review of a February 27, 2018, decision of the BIA affirming a May 18, 2017, decision of an Immigration Judge ("IJ") denying Zhuo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhuo Da Run*, No. A 206 466 061 (B.I.A. Feb. 27, 2018), *aff'g* No. A 206 466 061 (Immig. Ct. N.Y. City May 18, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review adverse credibility determinations for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or

2

witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. The multiple inconsistencies in Zhuo's statements and between his and his witness's testimony provide substantial evidence for the agency's decision.

As an initial matter, it was reasonable for the agency to rely on the record of Zhuo's credible fear interview. The interview record bears sufficient indicia of reliability because it "was memorialized in a typewritten document setting forth the questions put to [Zhuo] as well as [his] responses;" questioning was delayed so that Zhuo had an opportunity to consult counsel; questioning was conducted through a Mandarin interpreter; and the asylum officer asked

3

questions to elicit details of Zhuo's claim. *See Ming Zhang v. Holder*, 585 F.3d 715, 721, 724-25 (2d Cir. 2009)

Zhuo alleged that he was persecuted in China for his practice of Christianity and feared persecution because he continued to practice Christianity. Inconsistencies between his interview and later statements provide substantial evidence for the adverse credibility determination on both points. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006). Zhuo's application, interview, and testimony were inconsistent as to (1) whether Chinese police officers routinely threatened Zhuo after they released him from detention or beat Zhuo four additional times when he reported to them after his release, (2) whether Zhuo was baptized, and (3) why Zhuo did not attend church from 2014 to 2016 and where he was living during that period. These inconsistencies alone, which call into question both his past harm and his practice of Christianity in the United States, are adequate support for the adverse credibility determination. *See Xian Tuan Ye*, 446 F.3d at 295. Zhuo did not provide a compelling explanation for any of these discrepancies and did not specify or document his allegation that the translation or

4

interpretation was erroneous. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for . . . inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)).

Moreover, the agency did not err in relying on Zhuo's lack of knowledge of Christmas, given his testimony that he came from a Christian family, was actively practicing Christianity, and had attended a Christmas dinner where the participants studied the Bible. *See Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006) (holding that when "an individual applicant's account would render his lack of a certain degree of doctrinal knowledge suspect" that lack of knowledge "could . . . provide substantial evidence in support of an adverse credibility finding"). It was reasonable for the agency to take into account Zhuo's failure to rehabilitate his questionable testimony with reliable corroboration. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony

5

that has already been called into question."). Zhuo's witness contradicted Zhuo's representations and lacked knowledge of his practice of Christianity. The IJ did not err in declining to give weight to a letter from Zhuo's pastor who was not available for cross-examination. Zhuo did not call witnesses from his U.S. church or provide any corroboration from his family in China who were also practicing Christians. *Id.; see also Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and deferring to decision to afford little weight to letter from applicant's spouse in China).

The inconsistencies among Zhuo's application, interview, and hearing testimony as well as his lack of reliable corroborating evidence provide substantial evidence for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of the application for asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

6

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7